UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ROJAS BARRIGA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN LUIS OBISPO, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00135-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 14)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　　Jose Barriga ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on January 27, 2020.  (ECF No. 1).  Magistrate Judge Stanley A. Boone screened Plaintiff's complaint and found that Plaintiff failed to state a claim.  (ECF No. 3).  Plaintiff was given leave to file an amended complaint (id. at 10), and filed his First Amended Complaint on March 9, 2020 (ECF No. 5).

　　　　Judge Boone screened the First Amended Complaint on March 13, 2020, and once again found that Plaintiff failed to state a claim.  (ECF No. 6).  Plaintiff was given one last opportunity to amend his complaint.  (Id. at 10).  On March 19, 2020, this case was reassigned to the undersigned.  (ECF No. 7).  On July 10, 2020, Plaintiff filed his Second Amended

Complaint.  (ECF No. 14).

Plaintiff's Second Amended Complaint is now before the Court for screening.  For the reasons that follow, the Court will recommend that this action be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff has fourteen days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

\\\

## II. SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

At times, Plaintiff's Second Amended Complaint is difficult to understand. What follows is the Court's best understanding of Plaintiff's allegations.

Plaintiff appears to sue two County of San Luis Obispo investigators because they violated his Miranda rights, falsified allegations, and engaged in misconduct. Plaintiff's cites to Penal Code 680 and the Sexual Assault DNA Bill of Rights.

Plaintiff also sues a district attorney because the district attorney brought multiple charges based on the same and similar offenses with no evidence. Instead, the prosecutor used false evidence. Plaintiff was sentenced to life with three strikes without having a first or second strike.

The judge knew that having multiple charges with the same and similar offenses with one accuser and no strong evidence is biased to the defendant. However, the judge ignored it, as well as the violation of Plaintiff's Miranda rights. The judge twice declared a mistrial and forced the juries to convict. The judge also sentenced Plaintiff to 750 years to life by bringing back the PC 667.61 enhancement.

Three prison officials at California Correctional Institution knew that Plaintiff's charges with the same and similar offenses leading to a sentence of 750 years to life sentence is unprecedented. This is why they never sent Plaintiff to Level IV. After Plaintiff was sentenced he was in Level III for a year and a half and then placed in Level II. Plaintiff appears to sue these officials for, among other things, false imprisonment.

Since Plaintiff got to California Correctional Institution he has requested his Privacy Act information, and it was denied. Counselor Rosender and Ms. Baker are pointing fingers with the California Department of Corrections and Rehabilitation ("CDCR") Board of Parole.

Immediately after judgment has been pronounced, the judge and the district attorney may cause to be filed with the Clerk of the Court a brief statement of their views respecting the person convicted or sentenced and the crime committed. Immediately after the filing of these statements and reports the Clerk of the Court shall mail a copy thereof, certified by the Clerk, with postage prepaid, addressed to the CDCR at the prison or other institution to which the

person convicted is delivered.  However, this never happened.  The Privacy Act information is very important to Plaintiff, but "they" kept denying it to him and blaming the Court and the CDCR main office Board of Parole.

### III. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. Plaintiff's Claims Challenging his Conviction and Sentence

Most, if not all, of Plaintiff's complaint appears to be directed at challenging his conviction(s) and sentence.  These claims are barred by the favorable termination rule.

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement.  He must seek federal habeas corpus relief (or appropriate state relief) instead."  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted).

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated.  This favorable termination rule preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief.  Muhammad v. Close, 540 U.S. 749, 750-751 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement."  Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003).  In Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996), the Court held that, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed."  But if the "action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit."  Heck, 512 U.S. at 487.

As Plaintiff appears to be directly challenging his conviction(s) and sentence, and as it

appears that Plaintiff has not yet received a favorable termination, Plaintiff's section 1983 claims are barred by the favorable termination rule.

### B. Privacy Act

It is not clear if Plaintiff is attempting to bring a claim under the Privacy Act, 5 U.S.C. § 552a. To the extent that he is, he has failed to state a claim.

"The Freedom of Information Act ('FOIA') requires federal agencies to make certain information available to the public. 5 U.S.C. § 552. The Privacy Act prohibits federal agencies from disclosing certain personal records without an individual's consent, and also provides a means for an individual to access his or her records maintained by a federal agency. 5 U.S.C. § 552a(d)(1)." Jones v. Jimenez, 2017 WL 85783, at *8 (E.D. Cal. Jan. 10, 2017), report and recommendation adopted sub nom. Jones v. Lundy, 2017 WL 915591 (E.D. Cal. Mar. 7, 2017).

The United States Court of Appeals for the Ninth Circuit "has held that the private right of civil action created by the Privacy Act, *see* 5 U.S.C. § 552a(g)(1) (providing that a private individual 'may bring a civil action against the agency'), 'is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials.'" Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999) (emphasis removed) (quoting Unt v. Aerospace Corp., 765 F.2d 1440, 1447 (9th Cir. 1985).

As Plaintiff is only suing state and local officials, the civil remedy provisions of the Privacy Act do not apply, and Plaintiff has failed to state a claim.

### IV.  RECOMMENDATIONS AND ORDER

The Court has screened Plaintiff's Second Amended Complaint and finds that it fails to state any cognizable claims. The Court does not recommend granting further leave to amend because the Court has provided Plaintiff with an opportunity to amend his complaint with the benefit of relevant legal standards, Plaintiff filed his Second Amended Complaint with the guidance of those legal standards, and Plaintiff failed to correct the deficiencies identified by the Court. The Court notes that Plaintiff has already been granted leave to amend twice.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim; and
2. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **July 24, 2020**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE