UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ROJAS BARRIGA,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN LUIS OBISPO and SULLIVAN, Warden at CCI,<br><br>Defendants. | No. 1:20-cv-00135-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 16) |

Plaintiff Jose A. Rojas Barriga is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 24, 2020, the assigned magistrate judge screened plaintiff's second amended complaint ("SAC") and issued findings and recommendations, recommending that the SAC be dismissed without further leave to amend. (Doc. No. 16.) While the magistrate judge found the SAC "difficult to understand," the magistrate judge concluded that "[m]ost, if not all, of Plaintiff's [claims] appear[] to be directed at challenging his conviction(s) and sentence." (*Id.* at 4.) The magistrate judge therefore found the claims in the SAC to be barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 4–5.) The magistrate judge also found that, to the extent plaintiff was seeking to assert claims pursuant to the Privacy Act, 5

1

U.S.C. § 552a, he could not do so because in his SAC, he is only suing state and local officials, not an agency of the United States Government. (*Id.* at 5.) The magistrate judge did not recommend granting further leave to amend, noting that plaintiff has previously been granted leave to amend, has been provided by the court with the relevant legal standards governing the claims he was attempting to assert, but has still failed to correct the same deficiencies in his SAC previously identified by the court. (*Id.*) On August 12, 2020, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 17.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Plaintiff's objections, like his SAC, are difficult to decipher. Nevertheless, even a perfunctory review of the objections reveals that plaintiff does not meaningfully dispute the magistrate judge's findings that his claims in this action are barred by the decision in *Heck*, or that he cannot assert claims against state and local officials under the Privacy Act. In fact, plaintiff's objections serve to bolster the magistrate judge's analysis and conclusion that his claims in this action are *Heck* barred. He argues, for example, that various actors—including the Judge, District Attorney, Clerk of the Court, and Public Defender from his underlying state court case as well as the California Department of Corrections and Rehabilitation—had a "responsibilit[y] to act in fairness to [him]." (Doc. No. 17 at 1.) He also appears to be arguing that, in the underlying state court action, he was falsely arrested, illegally detained, and maliciously prosecuted. (*See id.*) These objections serve to support the magistrate judge's finding that, in essence, plaintiff is attempting to relitigate his state court conviction by way of this § 1983 action. As the Supreme Court made clear in *Heck*, such a collateral attack is not cognizable.

Accordingly,

1. The findings and recommendations issued on July 24, 2020 (Doc. No. 16) are adopted in full;

2. This action is dismissed as barred by the decision in *Heck*; and

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **August 24, 2020**

_____
UNITED STATES DISTRICT JUDGE